IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WALID ABDULLAH MUHAMMAD,<br>**Plaintiff** | : | No. 3:24cv700 |
| | : | |
| | : | (Judge Munley) |
| v. | : | |
| | : | |
| YVETTE KANE,<br>**Defendant** | : | |

## MEMORANDUM

The above-captioned case is at least the third action filed by Plaintiff Walid A. Muhammad against the Honorable Yvette Kane.[1] Like his previous two cases against Judge Kane, plaintiff's motion for leave to proceed *in forma pauperis* ("IFP") will be denied and his complaint will be dismissed.

## Background

In January 2024, the court dismissed plaintiff's Bivens[2] action against Judge Kane and denied his IFP petition. Muhammad v. Kane, 3:24-CV-60, 2024 WL 310206 (M.D. Pa. Jan. 26, 2024). In March 2024, the court dismissed his second attempt pursuant to 42 U.S.C. § 1983 ("Section 1983") and denied his

---

[1] Because this matter was filed against a judge in the Middle District of Pennsylvania, the court proceeds pursuant to Standing Order 19-06, setting forth the procedure for assignment of cases filed against a judge.

[2] Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics, 403 U.S. 388 (1971) (holding that a violation of an individual's constitutional rights by a federal agent acting under color of his authority gives rise to a cause of action for damages).

IFP petition. <u>Muhammad v. Kane</u>, 3:24-CV-377, 2024 WL 1179811 (M.D. Pa. Mar. 19, 2024). Undeterred, plaintiff filed his most recent complaint against Judge Kane on April 23, 2024, (Doc. 1), along with an IFP petition, (Doc. 2). This time plaintiff indicates that the Federal Tort Claims Act, ("FTCA"), 28 U.S.C. § 1346, provides the vehicle for his recovery.[3] (<u>Id.</u>, p. 1).

Plaintiff again references a prior case heard by Judge Kane, <u>Muhammad v. Vandime</u>, 1:22-cv-1104. In this complaint, he alleges: "On 12-1-2022 I was denied my federal statute, statutory right, federal right, constitutional right, statutory provisions, federal statutory rights[.] [sic]" (Doc. 1, p. 4)(capitalizations removed). He further states that Judge Kane is liable to plaintiff as "a beneficiary in civil action for deprivation of rights[.]"[4]

As he has done on two prior occasions, plaintiff has attached a copy of Section 1983 to his complaint. This document and the other attachments to the complaint are signed "King Walid Abdullah Muhammad – Judicial Officer – cede[.]" Rather than yield as requested, the court will screen out plaintiff's complaint pursuant to 28 U.S.C. § 1915A and 28 U.S.C. § 1915(e)(2)(B).

---

[3] Plaintiff submitted a form complaint that is provided for use by *pro se* prisoners.

[4] The court recognizes that *pro se* filings are liberally construed and "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." <u>Erickson v. Pardus</u>, 551 U.S. 89, 94 (2007) (citations omitted). Plaintiff's complaint, however, reads as one long sentence comprised of disjointed legal phrases.

2

**Jurisdiction**

As plaintiff ostensibly brings this suit pursuant to the FTCA, the court reviews the complaint pursuant to 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."). The court concludes below that it does not have jurisdiction.

**Discussion**

Because an incarcerated plaintiff filed this action *pro se* and seeks leave to proceed IFP, the Prison Litigation Reform Act ("PLRA") is applicable here, specifically the provisions of Sections 1915(e)(2) and 1915A.

Under Section 1915A, "[t]he court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A. Additionally, in civil actions initiated with IFP motions, the court may properly dismiss an action *sua sponte* under the provisions Section 1915(e)(2)(B). See Ball v. Famiglio, 726 F.3d 448, 452 (3d Cir. 2013), partially abrogated on other grounds by Coleman v. Tollefson, 575 U.S. 532 (2015).

Pursuant to both Sections 1915(e)(2) and 1915A, the court shall dismiss a case if it determines that the action: 1) is frivolous or malicious, 2) fails to state a

3

claim on which relief may be granted, or 3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B)(i)-(iii), 1915A(b)(1)-(2). Reading both statutes together, Section 1915A(a) directs the court to screen a prisoner complaint on these grounds either before docketing or as soon as practicable after docketing. Section 1915(e)(2) allows a court to dismiss a complaint on the above grounds at any time. Under Section 1915(e), a court has the discretion to consider the merits of a case and evaluate an IFP application in either order or even simultaneously regardless of the status of a filing fee. Brown v. Sage, 941 F.3d 655, 660 (3d Cir. 2019)(en banc).

The PLRA additionally provides for a three-strikes rule, "which 'supplies a powerful incentive not to file frivolous lawsuits or appeals.' " Id. at 559 (citing Abdul-Akbar v. McKelvie, 239 F.3d 307, 311 (3d Cir. 2001) (en banc)). As enacted:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

A strike under Section 1915(g) will accrue "only if the entire action or appeal is (1) dismissed explicitly because it is 'frivolous,' 'malicious,' or 'fails to state a claim' or (2) dismissed pursuant to a statutory provision or rule that is limited solely to dismissals for such reasons, including (but not necessarily limited to) 28 U.S.C. §§ 1915A(b)(1), 1915(e)(2)(B)(i), 1915(e)(2)(B)(ii), or Rule 12(b)(6) of the Federal Rules of Civil Procedure." Byrd v. Shannon, 715 F.3d 117, 126 (3d Cir. 2013). Additionally, "[t]he text of Section 1915(g)'s three-strikes provision refers to any dismissal for failure to state a claim, whether with prejudice or without." Lomax v. Ortiz-Marquez, 590 U.S. ----, 140 S. Ct. 1721, 1723 (2020)

As discussed below, plaintiff has accrued more than three strikes and his IFP petition will be denied. Plaintiff's complaint also warrants dismissal under Sections 1915(e)(2) and 1915A(b).

**1. The Three-Strike Rule Applies to Plaintiff's Action**

Six prior actions filed by plaintiff were dismissed for failure to state a claim as follows:

- Muhammad v. Vandime, 1:22-cv-1104[5], amended complaint dismissed with prejudice for failure to state a claim under 28 U.S.C. § 1915A(b)(1). (Docs. 46-47);

- Muhammad v. Imam of the Salafi Sect in Pittsburgh, PA, 3:21-cv-590, amended complaint dismissed with prejudice for failure to state a claim pursuant to § 1915(e)(2)(B)(ii).  (Docs. 17-18).

- Muhammad v. Henesh, 1:19-cv-2191, amended complaint dismissed with prejudice for failure to state a claim pursuant to § 1915(e)(2)(B)(ii).  (Docs. 17-18).

- Muhammad v. Weikel, No. 1:19-cv-1373, complaint dismissed with prejudice as being barred by the doctrine of *res judicata* and for being frivolous and failing to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B).  (Docs. 15-16).

- Muhammad v. DeBalso, No. 1:19-cv-666, amended complaint dismissed with prejudice as frivolous and for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B). (Docs. 23-24).

- Muhammad v. Kane, No. 3:24cv60, complaint dismissed with prejudice as frivolous, for failure to state a claim and for seeking

---

[5] All docket numbers refer to the United States District Court for the Middle District of Pennsylvania.

monetary relief from a defendant who is immune from such relief. (Docs. 8-9).

Upon the court's review of the above cases, plaintiff has accrued six (6) strikes for the purposes of 28 U.S.C. § 1915(g). He cannot proceed IFP in this action unless he "is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). "[A] prisoner may invoke the 'imminent danger' exception only to seek relief from a danger which is 'imminent' at the time the complaint is filed." Abdul-Akbar, 239 F.3d at 312. Someone whose danger has passed cannot reasonably be described to be in imminent danger. Id. at 313. Furthermore, to invoke this exception to the three-strikes rule, a prisoner must make specific and credible allegations as to the imminent danger. See Ball, 726 F.3d at 470 (citation omitted).

Here, plaintiff has not alleged that he is in imminent danger of serious physical injury. Rather, even under the most liberal construction of plaintiff's averments, any harm alleged occurred in the past, from December 1, 2022 to February 27, 2023. (Doc. 1 at p. 4). Thus, plaintiff does not qualify for relief under the imminent danger exception to the three-strikes rule. His motion for leave to proceed IFP will be denied.

## 2. Plaintiff's Complaint Fails to State a Claim

Turning next to the screening of plaintiff's complaint, district courts apply the same standard governing motions to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6). See, e.g., Smithson v. Koons, No. 15cv1757, 2017 WL 3016165, at *3 (M.D. Pa. June 26, 2017); Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999) (applying the Rule 12(b)(6) standard for dismissal for failure to state a claim under § 1915(e)(2)(B)).

Plaintiff proceeds under the FTCA, which permits suit against the United States for torts committed by persons acting on behalf of the United States. See 28 U.S.C. §§ 1346(b), 2674. An FTCA claim is actionable if it alleges the six elements found in Section 1346(b), which are that the claim be:

> [1] against the United States, [2] for money damages, ... [3] for injury or loss of property, or personal injury or death [4] caused by the negligent or wrongful act or omission of any employee of the Government [5] while acting within the scope of his office or employment, [6] under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

Brownback v. King, 592 U.S. 209, 212 (2021)(quoting FDIC v. Meyer, 510 U.S. 471, 475–476 (1994); 28 U.S.C. § 1346(b)).

While plaintiff's complaint contains multiple fatal issues, a few are worth mentioning: plaintiff's claim was filed against Judge Kane, not the United States; he seeks injunctive relief, declaratory relief, and "collateral damages"; and Judge

Kane is a district court judge appointed pursuant to Article III of the United States Constitution, not an employee of the federal government. Since plaintiff has not plausibly alleged all six (6) FTCA elements, the court does not have subject matter jurisdiction over the claim. Brownback, 592 U.S. at 217 (citing Meyer, 510 U.S. at 477)(explaining that a plaintiff must plausibly allege these elements to survive a merits determination under Rule 12(b)(6) and to establish subject matter jurisdiction under 28 U.S.C. §1346(b)). Moreover, plaintiff sued a United States District Court Judge, and the law provides judicial officers absolute immunity from suit for actions taken in their judicial capacity. Azubuko v. Royal, 443 F.3d 302, 303 (3d Cir. 2006) (per curiam).

The complaint will thus be dismissed for lack of jurisdiction without leave to amend.[6]

**Conclusion**

For the reasons set forth above, plaintiff's complaint will be dismissed with prejudice and his petition for leave to proceed IFP will be denied. The Clerk of Court will be directed to close this case. An appropriate order follows.

---

[6] Before dismissing a complaint for failure to state a claim upon which relief may be granted, a court must grant the plaintiff leave to amend his complaint, unless amendment would be inequitable or futile. See Grayson v. Mayview State Hospital, 293 F.3d 103, 114 (3d Cir. 2002). Under the circumstances here, there are no facts where plaintiff would be entitled to relief under the action proposed in his complaint and any amendment would clearly be futile.

Date: 4/24/24

_____
JUDGE JULIA K. MUNLEY
United States District Court